UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WANDA BUNCH, et al.,

    Plaintiff,

v.

NATIONWIDE MUTUAL
INSURANCE COMPANY, et al.,

    Defendant.

CASE NO. C12-1238JLR

ORDER DENYING MOTION
FOR PARTIAL SUMMARY
JUDGMENT

Before the court is Plaintiff Wanda Bunch's motion for partial summary judgment. (Mot. (Dkt. # 40).) Ms. Bunch asks the court to declare that she is entitled to insurance coverage under her homeowner's policy with Defendant Depositors Insurance Company ("Depositors"). Ms. Bunch alleges that there is an ambiguity in the policy under which she is entitled to coverage for water damage to her home. The court has examined the motion, all papers filed in support and opposition of the motion, the relevant law, and the record, and concludes that Ms. Bunch is not entitled to a declaration of coverage for the

ORDER- 1

reasons described below. Accordingly, the court DENIES Ms. Bunch's motion for partial summary judgment.

## I. BACKGROUND

This is an insurance coverage dispute. Ms. Bunch had an "all risk" home insurance policy with Depositors. (Compl. (Dkt. # 3) ¶ 16.) The policy covered any physical loss to Ms. Bunch's dwelling not specifically excluded. (*See id.*) The policy language at issue is standard policy language from an insurance form known as "DP3 01/77." (Hadley Decl. (Dkt. # 16) ¶ 11.) Ms. Bunch claims that Defendants have been interpreting DP3 01/77's language contrary to Washington law. (*See* Mot.) Specifically, she claims there is an ambiguity in the policy with respect to certain claims for water damage. (*Id.*)

Ms. Bunch claims to have suffered water damage to her home and to have been denied coverage as a result of the challenged ambiguity. Ms. Bunch owns a home located in East Wenatchee, Washington. (Compl. ¶ 1.) She rents the home to her son. (*Id.* ¶ 8.) In June, 2011, she learned that her home had suffered water damage. (*Id.*) She hired American Leak Detection, which determined that the cause of the damage was a leaky kitchen faucet. (*Id.* ¶¶ 9-10.) American Leak Detection also found an air conditioning leak that caused further water damage in the master bedroom. (*Id.* ¶¶ 13-15.) Ms. Bunch alleges that "[e]ither wear and tear, deterioration, inherent vice, latent defect, or mechanical breakdown" caused the leaks and the water damage. (*Id.* ¶¶ 11-15.) She argues that a "wear and tear exclusion" applies to her loss that provides coverage under her policy. (*Id.* ¶¶ 17-20.) Nevertheless, her claim for insurance benefits was

denied, so she brought this action alleging numerous causes of action against Nationwide and Depositors. (*Id.* ¶¶ 8, 21.)

Ms. Bunch claims there are many more people like her whose claims were improperly denied. (*Id.* ¶¶ 26-36.) She purports to act on behalf of a putative class of over 1000 Washington policyholders who submitted claims for water damage with Nationwide or Depositors in the last six years and were denied based on the alleged ambiguity. (*See id.*) Ms. Bunch originally filed this complaint in King County Superior Court, but defendants removed it to this court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, §§ 4-5, 119 Stat. 4, 9-13 (2005). Ms. Bunch recently filed a motion to certify the putative class, but the court denied the motion. (12/17/13 Order (Dkt. # 62).) Ms. Bunch indicated to the court that she would nevertheless like the court to proceed with this summary judgment motion. (Bunch Notice to Court (Dkt. # 63).)

## II.  ANALYSIS

**A.  Standard on a Summary Judgment Motion**

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence is such that reasonable persons could disagree about whether

the facts claimed by the moving party are true. *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983).

> [T]he issue of material fact required . . . to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.

*First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).

The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court may not weigh evidence or make credibility determinations in analyzing a motion for summary judgment because these are "jury functions, not those of a judge." *Liberty Lobby*, 477 U.S. at 249-50.

The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Galen*, 477 F.3d at 658.

**B.      The Policy Language and Ms. Bunch's Argument that it is Ambiguous**

In this motion, Ms. Bunch "seeks summary judgment interpreting the insurance policy form at issue to provide coverage as Bunch contends." (Mot. at 6.)

The disputed policy language consists of two exclusions. First, exclusion number 8, the "water seepage exclusion," excludes from coverage:

> 8. continuous or repeated seepage or leakage of water or steam over a period of time from within a plumbing, heating or air conditioning system or from within a household appliance;

(Birk Decl. (Dkt. # 38) Ex. C.) Ms. Bunch asserts that this exclusion conflicts with another exclusion, number 9, the "wear and tear exclusion," which excludes coverage resulting from wear and tear (among other things) unless wear and tear causes "water to escape" from household appliances:

> 9. wear and tear; marring; deterioration; inherent vice; latent defect; mechanical breakdown; rust; mold; wet or dry rot; contamination; smog; smoke from agricultural smudging or industrial operations; settling; cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings; birds, vermin, rodents, insects or domestic animals. If any of these cause water to escape from a plumbing, heating or air conditioning system or household appliance, we cover loss caused by the water. We also cover the cost of tearing out and replacing any part of a building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which this water escaped.

(*Id.*)

Ms. Bunch argues that these two exclusions are ambiguous when read together.[1] (*See* Mot. at 7, 9-10.) She argues that if wear and tear causes an escape of water, exclusion 9 implies that the insurer "cover[s] the loss caused by the water." (*See id.*; Birk Decl. Ex. C (exclusion 9) ("If any of these cause water to escape from a plumbing, heating or air conditioning system or household appliance, we cover loss caused by the water.").) On the other hand, under exclusion 8 there is no coverage if the loss was

---

[1] Ms. Bunch also argues that exclusion 9 plainly provides coverage and that, accordingly, there is no ambiguity. (*See* 10/3/13 Mot. (Dkt. # 40) at 8-9.) The court rejects this argument for the same reasons described below.

ORDER- 5

caused by "continuous or repeated seepage or leakage of water or steam over a period of time." (*See* Mot. at 7, 9-10; Birk Decl. Ex. C (exclusion 8).) Thus, Ms. Bunch argues that if water damage was caused by both seepage over time and wear and tear, the policy is ambiguous with respect to whether the loss is covered. (*See* Mot. at 7, 9-10.) Under Washington law, ambiguities in insurance contracts are construed in the insured's favor. *McDonald v. State Farm Fire & Cas. Co.*, 837 P.2d 1000, 1005-06 (Wash. 1992). Moreover, a contract of insurance must be "read as the average person would read it . . . ." *See Moeller v. Farmers Ins. Co. of Wash.*, 267 P.3d 998, 1002 (Wash. 2011). Thus, Ms. Bunch argues that her policy is ambiguous with respect to water damage caused by both seepage and wear and tear, and any such loss should be covered. (*See* Mot. at 7, 9-10.)

**C.     Ms. Bunch is not Entitled to Judgment as a Matter of Law**

Any factual disputes notwithstanding, the court concludes that Ms. Bunch is not entitled to judgment as a matter of law because her theory of coverage is erroneous. *See* Fed. R. Civ. P. 56.

There are three simple reasons that compel the court to reach this conclusion. First, Ms. Bunch's coverage theory conflicts with basic precepts of Washington insurance law. Ms. Bunch's theory is premised on the notion that the wear and tear exclusion grants coverage for her loss. (Mot. at 8-9.) However, it is well-settled in Washington that "[e]xclusion clauses do not grant coverage; rather, they subtract from it." *See, e.g.*, *Harrison Plumbing & Heating, Inc. v. New Hampshire Ins. Grp.*, 681 P.2d 875, 880 (Wash. Ct. App. 1984); *Boeing Co. v. Aetna Cas. and Sur. Co.*, 784 P.2d 507, 520 (Wash.

1990); *Absher Const. Co. v. N. Pac. Ins. Co.*, 861 F. Supp. 2d 1236, 1248 (W.D. Wash. 2012). Exclusions cannot expand the coverage granted in the insuring agreement, and "the rule is no different for exceptions to exclusions." *Sony Computer Entm't Am. Inc. v. Am. Home Assur. Co.*, 532 F.3d 1007, 1017 (9th Cir. 2008). Ms. Bunch's coverage theory requires the court to reach a result contrary to this basic principle when to do so would run afoul of Washington law.

Second, Ms. Bunch's theory does not make logical sense. Beneath the rhetoric, Ms. Bunch's theory amounts to an assertion that because one exclusion does not deny coverage, coverage must exist because the other exclusion does not apply. (*See* Mot. at 8-11.) This is like saying that if a person is shot two times and only one of those shots causes fatal damage, the person will live. In Washington, exclusions in insurance contracts work like shots fired from a gun: each must be analyzed independently to determine if a fatal blow has been delivered. *Harrison Plumbing*, 681 P.2d at 880. Each exclusion is to be read independently of the other exclusions, and exclusions need not be harmonized with one another; if a single exclusion applies, the loss is excluded. *Id.*; *Ward-Davis v. JC Penney Life Ins. Co.*, 446 Fed. Appx. 52 (9th Cir. 2011) ("[E]xclusions do not need to be harmonized with each other."); *Essex, Ins. Co. v. Seagulf Grp, LLC*, No. C07-0017RSM, 2007 WL 4561097, at *3 (W.D. Wash. Dec. 20, 2007) ("[Under Washington law,] [e]ach exclusion is to be read separately, and independent of the other."). Ms. Bunch would have the court ignore the logical inconsistency at the heart of her theory, and the court will not do so.

Finally, Ms. Bunch's coverage theory has been largely rejected by other courts that have considered it. Although there is some scant authority in favor of Ms. Bunch's position, *see Liebel v. Nationwide Ins. Co. of Fla.*, 22 So. 3d 111, 113 (Fla. Dist. Ct. App. 2009) (embracing similar argument for an earth movement exclusion), the cases rejecting Ms. Bunch's theory are both more numerous and more closely analogous to the facts of this case, *see, e.g.*, *Marsh v. Am. Family Mut. Ins. Co.*, 218 P.3d 573 (Or. Ct. App. 2009) (rejecting similar argument that leakage exclusion conflicts with wear and tear exclusion for water damage claims); *Hall v. Am. Indem. Grp.*, 648 So. 2d 556 (Ala. 1994) (same); *Schwartzenfeld v. Nationwide Mut. Fire Ins. Co.*, No. 296752, 2011 WL 1565466 (Mich. Ct. App. Apr. 26, 2011) (same). The court has examined the authority cited herein and has found no compelling reason to deviate from the weight of authority or the basic principles of Washington insurance law outlined above.

### III. CONCLUSION

For the reasons described above, the court rejects Ms. Bunch's coverage theory and concludes that Ms. Bunch is not entitled to judgment as a matter of law. Accordingly, Ms. Bunch's motion for summary judgment (Dkt. # 40) is DENIED.

Dated this 15th day of January, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 8