UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WANDA BUNCH, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | CASE NO. C12-1238JLR<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

　　　Before the court is a motion for summary judgment brought by Defendants Nationwide Mutual Insurance Company ("Nationwide") and Depositors Insurance Company ("Depositors"). (Mot. (Dkt. # 65).) This is an insurance coverage case. Plaintiff Wanda Bunch seeks a declaration of coverage on behalf of herself and a putative class and damages for bad faith and related causes of action. (*See* Compl. (Dkt. # 3) ¶¶ 37-43.) Previously, the court ruled that Ms. Bunch was not entitled to coverage. (1/15/14 Order (Dkt. # 64).) In so ruling, the court rejected the core legal theory at the

ORDER- 1

1   heart of Ms. Bunch's case. (*See id.*) Now, Defendants have brought this motion to pick

2   up the pieces, asking the court to grant summary judgment in their favor on all claims

3   brought in the complaint. (*See* Mot.)  The basis for their motion is the court's prior

4   ruling. (*See id.* at 5-6.)  In response to Defendants' motion, Ms. Bunch concedes that "if

5   the court adheres to its prior interpretation of the policy, summary judgment would have

6   to be entered against her." (Resp. (Dkt. # 67) at 3.)  This is correct.  As Ms. Bunch

7   admits, "'every cause of action that Plaintiff asserts is based upon the same legal theory,'

8   and '[t]he Court has already considered and rejected Plaintiff's theory.'" (*Id.* at 2

9   (quoting Mot. at 5-6).)  Accordingly, summary judgment is appropriate and the court

10  GRANTS Defendants' motion.[1]

11          Dated this 11th day of March, 2014.

                                                _____
                                                JAMES L. ROBART
                                                United States District Judge

---

[1] Ms. Bunch correctly objects to one argument in Defendants' motion. (Resp. at 2-3.) Defendants argue in cursory fashion that Ms. Bunch lacks standing to pursue claims against Nationwide because her insurance policy was underwritten by Depositors, not by Nationwide. (Mot. at 13.) Nationwide is the parent company of Depositors. (Compl. ¶¶ 3-4.) Defendants argue that this is not enough to create standing. (Mot. at 13.) Regardless of the merits of this argument, Ms. Bunch has standing to pursue claims against Nationwide here. Nationwide was not only the parent corporation of Depositors, it also performed the claims handling in this case. (Birk Decl. (Dkt. # 53) Ex. D at 27-28.) Thus, Ms. Bunch may pursue claims against Nationwide for bad faith and related causes of action. *See, e.g.*, *Lease Crutcher Lewis WA, LLC v. Nat'l Union Fire Ins. Co.*, No. C08-1862RSL, 2009 WL 3444762, at *1-3 (W.D. Wash. Oct. 20, 2009).

ORDER- 2